UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marc A. Sterr,<br><br>    Plaintiff(s),<br><br>    v.<br><br>D. Baptista, et al,<br><br>    Defendant(s).<br>_____ | CASE NO. S CIV 08-2307 DOC<br><br>**O R D E R DENYING MOTION FOR ADDITIONAL INTERROGATORIES** |

Plaintiff Marc Sterr ("Plaintiff") is a prisoner proceeding pro se in a civil rights action. Plaintiff is currently incarcerated at the Mule Creek State Prison in Ione, California. Plaintiff seeks leave to serve additional interrogatories on Defendants D. Long and S. Barham, in excess of the 25 interrogatory limit set by Federal Rule of Civil Procedure 33(a)(1). The Defendants have already responded to nearly 125 interrogatories in this action. Plaintiff is now requesting that Defendant Long answer an additional seven interrogatories and Defendant Barham answer an additional four interrogatories.

## I. LEGAL STANDARD

FED R. CIV. P. 33(a) limits the number of interrogatories, including discrete subparts, that a party may serve to twenty-five. Leave to serve additional interrogatories is governed by the provisions of FED. R. CIV. P. 26(b)(2)(C), which requires the Court to limit discovery if (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some

other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. FED. R. CIV. P. 26(b)(2); FED. R.CIV. P. 33(a)(1) & Comm. 1993 Am. ("because the device can be costly and may be used as a means of harassment, it is desirable to subject its use to the control of the court consistent with the principles stated in FED. R. CIV. P. 26(b)(2)").

## II. DISCUSSION

Plaintiff originally served 24 interrogatories, which contained several subparts. Thus, his first set of interrogatories actually exceeded the 25 interrogatory limit. If a particularized showing of the necessity of the discovery is made, a party may request additional interrogatories. *Archer Daniels Midland Co. v. Aon Risk Serv., Inc.*, 187 F.R.D. 578, 586 (D. MN 1999); *see also Mead Corp. v. Riverwood Natural Resources Corp.*, 145 F.R.D. 512, 518 (D. Minn. 1992); *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 492 (W.D. N.C. 1998). However, Plaintiff's only basis for requesting additional interrogatories is "clarification."

It appears Plaintiff used many of his interrogatories to request duplicative information from Defendant Long. Additionally, Plaintiff used a number of interrogatories to ask such irrelevant questions as what religion Defendant Long practices and his education level. As stated above, interrogatories are limited as they can be duplicative or used as a means of harassment. *See* FED. R. CIV. P. 26(b)(2)(C) and 33(a)(1) & Comm. 1993 Am.

As to Plaintiff's additional interrogatories on Defendant Barham, Plaintiff requests the factual bases for Defendant's Affirmative Defenses. Plaintiff has had ample opportunity to obtain such information. Plaintiff received Defendant Barham's answer before sending interrogatories. These interrogatories regarding Defendant Barham's affirmative defenses should have been included in Plaintiff's initial set of interrogatories.

Defendants have complied with Plaintiff's initial set of interrogatories, despite the fact that Plaintiff included more than 25. Plaintiff has exhausted this resource and the Court will not

afford him the opportunity to continue to propound the Defendants with duplicative and delayed interrogatories. Consequently, the Court hereby DENIES Plaintiff's Motion for Additional Interrogatories.

### III. DISPOSITION

In accordance with the above, Plaintiff's Motion for Additional Interrogatories is hereby DENIED.

DATED: June 26, 2009

_____
DAVID O. CARTER
UNITED STATES DISTRICT COURT JUDGE
Sitting by Designation