UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Marc A. Sterr,** an individual, ) <br> ) <br> **Plaintiff(s),** ) <br> ) <br> v. ) <br> ) <br> **D. Baptista, et al.,** in their individual and ) <br> official capacities, ) <br> ) <br> **Defendant(s).** ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> _____ ) | **CASE NO. S CIV 08-2307 DOC** <br> <br> **O R D E R** |

Before the Court is *pro se* Plaintiff Marc A. Sterr's ("Plaintiff") Proposed Order to Cause [sic] for an Injunction and Temporary Restraining Order, which appears to be a Motion for an Injunction and Temporary Restraining Order (the "Motion"). The Court finds the matter appropriate for decision without oral argument. FED. R. CIV. P. 78; Local R. 7-15. After considering the moving papers, and for the reasons set forth below, the Court hereby DENIES Plaintiff's Motion.

## I. BACKGROUND

At all times relevant, Plaintiff has been a prisoner of the State of California in the custody

1  of the California Department of Corrections and Rehabilitation, confined at Mule Creek State
2  Prison.  Plaintiff alleges that Defendants D. Baptista; S. Barham; Iman Mohamed; D. Long,
3  R.Rubia; and M. Martel (collectively, "Defendants") have denied his right to practice his
4  religious faith of Asatru/Odinism in accordance with its traditions and tenets.  Plaintiff requests,
5  *inter alia*, the allowance of wood-burning, fire-pit, mead, sauna, rune stones, and lengthened
6  ceremonial grounds.
7        As to the instant Motion, Plaintiff has not presented any legal argument or analysis
8  supporting his request.  The Plaintiff has a burden of showing that there is a strong likelihood of
9  success on the merits.  Plaintiff claims that Defendants placed substantial burdens upon the
10 religious and personal religious property of Plaintiff in violation of the Free Exercise Clause.
11 Defendants claim that their behavior is consistent with the security requirements of the prison
12 and they have not denied Plaintiff his religious rights.  Plaintiff has not demonstrated a
13 meritorious case and, thus, he is not entitled to preliminary relief.

## II.  LEGAL STANDARD

15        Generally, courts grant equitable relief in the event of irreparable injury and the
16 inadequacy of legal remedies.  *See Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir.
17 1994); *see also Weinberer v. Romero-Barcelo*, 456 U.S. 305, 312, 102 S. Ct. 1798 (1982)
18 ("[T]he basis for injunctive relief in the federal courts has always been irreparable injury and the
19 inadequacy of legal remedies.").  Plaintiffs must satisfy additional requirements in order to be
20 granted preliminary relief.  Plaintiffs have the burden of showing that they are entitled to
21 preliminary relief.  The "traditional test" requires that Plaintiffs demonstrate (1) a strong
22 likelihood of success on the merits; (2) a significant threat of irreparable injury; (3) greater
23 hardship to Plaintiffs than Defendants; and (4) that the public interest favors granting the
24 injunction.  *See American Motorcyclist Ass'n v. Watt*, 714 F.2d 962, 965 (9th Cir. 1983).
25        The "alternative test" permits the plaintiff to meet its burden by showing either "(1) a
26 likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of
27 serious questions going to the merits and the balance of hardships tipping in [the plaintiff's]
28 favor."  *Nike, Inc. v. McCarthy*, 379 F.3d 576, 580 (9th Cir. 2004) (internal quotation marks

omitted).  "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *U.S. v. Nutri-cology, Inc.*, 982 F.2d 394, 397 (9th Cir. 1992) (citations omitted).  "The critical element in determining the test to be applied is the relative hardship to the parties.  If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly." *State of Alaska v. Native Vill. of Venetie*, 856 F.2d 1384, 1389 (9th Cir. 1988) (citations omitted).

### III.   DISCUSSION

Plaintiff requests a temporary restraining order to restrain Defendants from: (1) adopting new administrative procedures; (2) denying Plaintiff the use of a classroom for religious studies; (3) denying Plaintiff the use of fruit juice and honey for the symbolism of the sacrificial mead; (4) denying Plaintiff the ability to request religious banquets; and (5) placing new restrictions on Plaintiff.

The Free Exercise Clause of the First Amendment ("Free Exercise Clause"), provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof..." U.S. Const. amend. I.  Under the Free Exercise Clause, a law that burdens religious practice need not be justified by a compelling governmental interest if it is neutral and of general applicability. *Employment Div., Dept. of Human Resources of Ore. v. Smith*, 494 U.S. 872, 110 S. Ct. 1595.  "However, where such a law is not neutral or not of general application, it must undergo the most rigorous of scrutiny: [i]t must be justified by a compelling governmental interest and must be narrowly tailored to advance that interest.  Neutrality and general applicability are interrelated, and failure to satisfy one requirement is a likely indication that the other has not been satisfied." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 521, 113 S. Ct. 2217 (1993).

To determine whether the particular law burdens religion, the court must begin with the text of the law, for the minimum requirement of neutrality is that law not discriminate on its face. *Id.* at 534.  However, facial neutrality is not determinative of whether law violates the Free Exercise Clause, as that clause extends beyond facial discrimination and forbids subtle

1  departures from neutrality and covert suppression of particular religions beliefs. *Id.* Official
2  action that targets religious conduct for distinctive treatment cannot be shielded by mere
3  compliance with the requirement of facial neutrality, as the "Free Exercise Clause protects
4  against governmental hostility which is masked as well as overt." *Id*.

5  Under the Free Exercise Clause, a policy that burdens religious practice need not be
6  justified by a compelling governmental interest if it is neutral and of general applicability. In his
7  Motion, Plaintiff presents no facts or legal analysis demonstrating that his religious faith of
8  Asatru/Odinism was specifically targeted. Moreover, the facts in the Complaint and Answer to
9  the Complaint are in dispute. In the Answer to Plaintiff's Complaint, Defendants claim that all
10 religious groups were advised when the MCSP Operations Procedure was revised. Defendants
11 also deny Plaintiff's allegation that other faith groups have the ability to purchase certain items
12 with prison or CDCR funds. Finally, although the Native American Indian spiritual grounds are
13 forty-five by forty-five feet in diameter, on August 29, 2007, MCSP created two eighteen feet by
14 eighteen feet fenced enclosures specifically for "earth-based" religions. Plaintiff has not
15 presented evidence that the MCSP Operations Procedure is not neutral and of general
16 applicability. Therefore, Plaintiff does not allege a substantial burden on Plaintiff's religious
17 faith necessary to grant a temporary restraining order.

18                              **IV.   CONCLUSION**

19 For the reasons set forth, Plaintiff's Motion for an Injunction and Temporary Restraining
20 Order is hereby DENIED.

21

22 IT IS SO ORDERED.
23 DATED: July 2, 2009

24
25                              _____
                                DAVID O. CARTER
26                              UNITED STATES DISTRICT JUDGE
                                Sitting by Designation
27
28

4