IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Mark A. Sterr,

Plaintiff, CASE NO.CIV-S-08-2307-DOC

vs.

D. Baptista, et. al.,

Defendants.

_________________________/

Before the Court is *pro se* Plaintiff Marc A. Sterr's ("Plainitff") Motion for Reconsideration of Denial of an Injunction and Temporary Restraining Order (the "Motion"). The Court finds the matter appropriate for decision without oral argument. FED. R. CIV. P. 78; E.D. Cal. R. 78-230(m). After considering the moving papers, and for the reasons set forth below, the Court hereby GRANTS Plaintiff's motion for reconsideration and DENIES Plaintiff's Motion for a Temporary Restraining Order/Preliminary Injunction.

**I. BACKGROUND**

At all times relevant, Plaintiff has been a prisoner of the State of California in the custody of the California Department of Corrections and Rehabilitation, confined at Mule Creek State Prison. Plaintiff alleges that Defendants D. Baptista, S. Barham, I. Mohamed, D. Long, R.

Rubia, and M. Martel (collectively, "Defendants") have denied his right to practice his sincerely held religious faith of Asatru.

On July 2, 2009, Plaintiff filed a motion for a temporary restraining order and/or preliminary injunction. Plaintiff alleged he was being denied possession of personal religious artifacts, the ability to grow medicinal herbs, the use of a ceremonial wood-burning fire, and the authorization to have flowers growing on the ceremonial spiritual grounds. Plaintiff also alleged that the "grass only" policy prohibiting the Earth-based religions from having flowers on ceremonial grounds would force Plaintiff to dig up the current floral arrangements and gardens. Plaintiff further alleged the policy outlining the days and times the Earth-based religions may use the grounds restricted his ability to use the grounds on a daily basis.

On July 17, 2009, this Court denied Plaintiff's motion. Relying on the factors set forth in *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254 (1987), the Court found Plaintiff did not present a meritorius case and was therefore not entitled to preliminary relief. The Court also found that Defendants did not impose a substantial burden on Plaintiff's religious practices under the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

On July 30, 2009, Plaintiff filed a motion for reconsideration of this Court's denial of Plaintiff's motion for a temporary restraining order or preliminary injunction. Plaintiff urges that the "grass-only" policy creates an undue burden under RLUIPA and holds no compelling, legitimate governmental interest. Plaintiff also alleges the grounds schedule regulation restricts Plaintiff's ability to use the grounds on a daily basis. Plaintiff's motion is therefore limited to reconsideration of the "grass-only" policy and the grounds schedule regulation. While this Court previously considered and summarily denied Plaintiff's RLUIPA claim, the Court reconsiders this claim below.

## II.   LEGAL STANDARDS

### A.   Motion for Reconsideration

Fed. R. Civ. P. 60(b) provides for reconsideration only upon a showing of "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

These grounds are further limited by the Local Rules. E.D. Cal. R. 78-230(k) provides that the party seeking reconsideration must provide the court with the material facts and circumstances surrounding the motion, indicating "(1) when and to what Judge or Magistrate Judge the prior motion was made, (2) what ruling, decision or order was made thereon, (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion, and (4) why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. R. 78-230(k).

In Plaintiff's motion, Plaintiff moves this Court to conduct an additional analysis of his claim under RLUIPA. A "First Amendment claim is subject to a rational relationship test which requires the state to show the regulation has a reasonable relationship to a legitimate penological interest. [A] RLUIPA claim mandates a 'more searching standard' of review: strict scrutiny which requires the state to show the regulation is the least restrictive means to further a compelling interest." *Schnitzler v. Reisch*, 518 F.Supp.2d 1098 (D. S.D. 2007), *quoting Murphy v. Missouri Dept. of Corrections*, 372 F.3d 979 (8th Cir. 2004). Because the majority of the Court's original opinion focused on the First Amendment claim, the Court will reconsider the RLUIPA claim at this time. However, upon reconsideration, Plaintiff's claim still fails to meet the required showing to issue a temporary restraining order or preliminary injunction.

**B.     Temporary Restraining Order and Preliminary Injunction**

Generally, courts grant equitable relief in the event of irreparable injury and the inadequacy of legal remedies. *See Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir.

1994); *see also Weinberer v. Romero-Barcelo*, 456 U.S. 305, 312, 102 S. Ct. 1798 (1982) ("[T]he basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies."). Plaintiffs must satisfy additional requirements to be granted preliminary relief. Plaintiffs have the burden of showing that they are entitled to preliminary relief. The "traditional test" requires that Plaintiffs demonstrate (1) a strong likelihood of success on the merits; (2) a significant threat of irreparable injury; (3) greater hardship to Plaintiffs than Defendants; and (4) that the public interest favors granting the injunction. *See American Motorcyclist Ass'n v. Watt*, 714 F.2d 962, 965 (9th Cir. 1983).

The "alternative test" permits the plaintiff to meet its burden by showing either "(1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the plaintiff's] favor." *Nike, Inc. v. McCarthy*, 379 F.3d 576, 580 (9th Cir. 2004) (internal quotation marks omitted). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *U.S. v. Nutri-cology, Inc.*, 982 F.2d 394, 397 (9th Cir. 1992) (citations omitted). "The critical element in determining the test to be applied is the relative hardship to the parties. If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly." *State of Alaska v. Native Vill. of Venetie*, 856 F.2d 1384, 1389 (9th Cir. 1988) (citations omitted).

## III. DISCUSSION

### A. Motion for Reconsideration

Plaintiff urges that this Court improperly focused its order denying Plaintiff's motion on the First Amendment claim and consequently, the *Turner* factors. Thus, Plaintiff states that under RLUIPA, the court should analyze the Defendants' actions using heightened review. *See* 42 U.S.C.A. § 2000cc. As RLUIPA does provide a more stringent standard for land use

regulations, the Court will evaluate Plaintiff's claim accordingly.

**B. Temporary Restraining Order**

Plaintiff urges this Court to reconsider its order denying Plaintiff's request for a temporary restraining order and preliminary injunction. Determining whether the traditional or alternative test applies depends on the nature of the hardship to the parties. "If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly." *State of Alaska v. Native Vill. of Venetie*, 856 F.2d 1384, 1389 (9th Cir. 1988) (citations omitted). In the present case, Plaintiff's claim is most appropriately analyzed under the traditional test because the balance of the harm does not tip decidedly toward Plaintiff. *See American Motorcyclist Ass'n*, 714 F.2d at 965.

**(1) Likelihood of success on the merits:** Plaintiff's complaint alleges claims under the First and Fourteenth Amendments and RLUIPA. However, Plaintiff's most recent motion is limited to reconsideration of his RLUIPA claim in terms of the "grass only" policy and the grounds schedule.

Under RLUIPA, "No government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person, assembly, or institution (A) is in furtherance of a compelling governmental interest; and (B) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C.A. § 2000cc. To establish a prima facie case, the court must first, "identify[] the 'religious exercise' allegedly impinged upon" and second, determine "whether the prison regulation 'substantially burdens' that religious exercise." *Greene v. Solano County Jail*, 513 F.3d 982, 987 (9th Cir. 2007).

RLUIPA may not be read "to elevate accommodation of religious observances over an

institution's need to maintain order and safety. . . [A]n accommodation must be measured so that it does not override other significant interests." *Cutter v. Wilkinson*, 544 U.S. 709, 722, 125 S.Ct. 2113 (2005). In fact, "[l]awmakers supporting RLUIPA were mindful of the urgency of discipline, order, safety, and security in penal institutions. They anticipated that courts would apply the Act's standard with 'due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources.'" *Id.* at 723 (citations omitted).

As to the first prong, RLUIPA defines "religious exercise" as "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." U.S.C.A. § 2000cc-5(7)(A). "The Supreme Court has noted that 'the exercise of religion often involves not only belief and profession but the performance of . . . physical acts [such as] assembling with others for a worship service [or] participating in sacramental use of bread and wine.'" *Cutter*, 544 U.S. at 720. Here, there is no dispute that Plaintiff seeks to engage in religious exercise.

As to the second prong, "[a]lthough RLUIPA does not define 'substantial burden,'" courts have stated that such a burden "must be 'oppressive' to a 'significantly great' extent, such that it renders religious exercise 'effectively impracticable.'" *Sefeldeen v. Alameida*, 238 Fed.Appx. 204, 205-06 (9th Cir. 2007), *quoting San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1034-35 (9th Cir. 2004). Likewise, "a burden is substantial under RLUIPA when the state 'denies [an important benefit] because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Shakur v. Schriro*, 514 F.3d 878, 888 (9th Cir. 2008), *quoting Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005); *see also Thomas v. Review Bd. of the Ind. Employment Sec. Div.*, 450 U.S. 707, 717-18, 101 S.Ct. 1425 (1981). "Government regulation must compel action or inaction with respect to a sincerely held belief; mere inconvenience to the

religious institution or adherent is insufficient." *Guru Nanak Sikh Soc'y of Yuba City v. County of Sutter*, 326 F.Supp.2d 1140 (E.D. Cal. 2003), *aff'd* 456 F.3d 978 (9th Cir. 2006).

Plaintiff urges that the "grass only" policy creates an undue burden under RLUIPA, and it does not further a compelling or legitimate governmental interest. Plaintiff argues that he has no access to plants and cannot use them during daily and monthly holy days and ceremonies. Plaintiff also argues that while the "grass only" policy is shrouded as neutral, it is not equally applied to all Earth-based religions. In addition, Plaintiff describes the grounds schedule regulation as restrictive and urges that before the policy was adopted, Plaintiff could use his time off from work assignments to attend religious functions. Plaintiff argues that the new policy restricts his ability to use the grounds on a daily basis.

A review of cases considering RLUIPA claims within the Ninth Circuit proves instructive. In *Shakur v. Schriro*, 514 F.3d 878, 881 (9th Cir. 2008), plaintiff Shakur argued that the district court erred in granting summary judgment on his claim that the denial of a Halal/kosher meat diet violated RLUIPA. Specifically, Shakur alleged that the vegetarian diet he was served in lieu of a Halal/kosher diet exacerbated his hiatal hernia and interfered with the purity required for Islamic worship. *Id.* at 888. The *Shakur* court contrasted Shakur's claim with Sefeldeen's, the Muslim plaintiff in *Sefeldeen v. Alameida*, 238 Fed. Appx. 204 (9th Cir. 2007). *Shakur*, 514 F.3d at 888. In *Sefeldeen*, the court affirmed the lower court's grant of summary judgment, finding that Sefeldeen could not point to any adverse physical effects resulting from the vegetarian meal plan. 238 Fed. Appx. at 206. The *Sefeldeen* court engaged in a comparative analysis, explaining that Sefeldeen did not face punishment or loss of coveted privileges for following his religious beliefs, as the prisoner did in *Warsoldier v. Woodford*, 418 F.3d 989 (9th Cir. 2005). *Sefeldeen*, 238 Fed. Appx. at 206.

Unlike *Sefeldeen*, the court in *Shakur* found that whether plaintiff Shakur's medical condition placed a substantial burden on his practice of religious activities was an issue for the

lower court to resolve. 514 F.3d at 889. Noting the "Hobson's choice" in light of Shakur's choice of a vegetarian diet that disrupted his religious activities or the regular diet forbidden by Haram, or changing his religious designation to Jewish to receive a kosher meal, the court found that the prison's policy pressured Shakur to betray his religious beliefs. *Id.*; *see also Warsoldier*, 418 F.3d at 989. Plaintiff's case is easily distinguishable from *Shakur.* Here, there is no such choice to be made by Plaintiff. Plaintiff is neither being denied an important benefit nor is he being pressured to modify his belief system. *Lewis v. Ollison*, 571 F.Supp.2d 1162, 1170 (C.D. Cal. 2008). Rather, Plaintiff is directed to ask for time during which he may have religious ceremonies and use an area for religious practice that is grass-only.

In *Lewis v. Ollison*, 571 F.Supp.2d 1162 (C.D. Cal. 2008), the court held that a temporary shower policy which required prisoners to travel from their cells to the shower room wearing only boxer shorts and shower shoes, due to security concerns, did not interfere with Muslim religious practices requiring men to exercise modesty by covering the area of the body from navel to knee. *Id.* at 1170-71. The court reasoned that "the complained of practice must be a substantial burden on religious exercise; that is, Plaintiff must be denied an important benefit based on conduct mandated by his religious belief, which places substantial pressure on him to modify his behavior and to violate his belief system." *Id.* at 1170. The court found that even if the plaintiff's allegations as to the requirement that he be covered from navel to knee were true, the plaintiff failed to allege that he must shower every day to practice his religion. *Id.* at 1171. This Court finds Plaintiff's case to be similar to *Lewis*, because there, plaintiffs failed to make a showing that their religious practices were substantially burdened in the same way that Plaintiff has failed to do so here.

In a distinguishable case, the Ninth Circuit held that a substantial burden is established when a prisoner is subject to significant pressure to abandon his religious beliefs. *See Warsoldier*, 418 F.3d at 996 (Native American inmate's right to religious exercise was

substantially burdened in light of punishment and loss of privileges for failure to comply with hair grooming policy due to religious belief that hair could only be cut upon death).  The Ninth Circuit has also held that an outright ban on a particular religious exercise is a substantial burden on that religious exercise.  *Greene v. Solano County Jail*, 513 F.3d 982, 988 (9th Cir. 2007) (policy prohibiting maximum security prisoners from participating in group worship substantially burdened plaintiff's right to religious exercise).

Plaintiff's case is distinguishable from *Warsoldier* and *Greene*.  Plaintiff has not made a showing that the new policies have placed significant pressure upon him to abandon his religious beliefs.  While Plaintiff may not have the immediate access to the religious grounds that he had before the new schedule was imposed, the schedule has neither required Plaintiff to abandon his religion exercises entirely nor subjected him to a significant pressure to do so.  Also, unlike in *Greene*, where there was an "outright ban" on the plaintiff's chosen religious exercise, here, no outright ban on Plaintiff's ceremonies has been imposed.  Rather, Plaintiff must ask for permission to schedule such ceremonies and he may still use the outdoor area to hold his ceremonies.

Plaintiff has failed to make a showing that the new policies imposed by the prison amount to a substantial burden on his religious exercise.  Because Plaintiff has failed to show his religious exercise has been substantially burdened, the Court need not reach an analysis of whether the prison's policy serves a compelling government interest and is the least restrictive means of achieving that interest.  *See Shakur v. Schriro*, 514 F.3d at 889; *see also Smith v. Allen*, 502 F.2d 1255 (11th Cir. 2007); *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1228 (11th Cir. 2004).

**(2) Significant threat of irreparable injury:**  Based on the foregoing regarding the merits of Plaintiff's claim, it does not appear Plaintiff is under a significant threat of irreparable injury.  Plaintiff has not been pressured to abandon his religion.  Plaintiff's religious practices

have not been banned. Plaintiff may still practice his religion. Therefore, this factor is not met for the same reasons Plaintiff's motion was previously denied. There is no significant threat of irreparable injury to Plaintiff.

**(3) Hardship to Plaintiff:** Given the low likelihood of Plaintiff succeeding on the merits, the hardship to Plaintiff is relatively low. The hardship to Plaintiff does not tip in his favor.

**(4) Public Interest:** The public interest's stake in whether a preliminary injunction or temporary restraining order should be granted largely turns on the security of the prison in which Plaintiff remains. Prison security has been declared a compelling government interest. *Cutter*, 544 U.S. at 725 n.12. Consequently, even if Plaintiff's claim amounted to a substantial burden required to trigger strict scrutiny analysis, it is arguable whether Plaintiff could succeed given the government's interest in prison security and the limited means through which the government achieve such an interest. The public interest weighs in favor of Defendants.

## IV. CONCLUSION

For the reasons set forth, Plaintiff's Motion for a Temporary Restraining Order/Preliminary Injunction is DENIED.

IT IS SO ORDERED

DATED: February 5, 2010

David O. Carter

DAVID O. CARTER
UNITED STATES DISTRICT COURT JUDGE
Sitting by Designation