IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC A. STERR, | CASE NO. 2:08-CV-2307 DOC P |
| Plaintiff, | |
| vs. | O R D E R DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY |
| D. BAPTISTA, et al., | |
| Defendants. | |

Marc A. Sterr ("Plaintiff") is a prisoner incarcerated at Mule Creek State Prison ("MCSP") in Ione, California. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and is proceeding *pro se*. Plaintiff filed this motion to compel release of a document entitled "Religious Programs, Need to Establish Statewide Departmental Policy" (the "Motion"). After considering the moving and opposing papers, and for the reasons stated below, the Court hereby DENIES the Motion.

**I.   BACKGROUND**

Plaintiff filed a civil rights complaint against Defendants D. Baptisa, S. Barham, Iman Muhamad, D. Long, R. Subia, and M. Martel (collectively "Defendants") under 42 U.S.C. § 1983 on September 30, 2008. Plaintiff alleges that Defendants deny him the right to practice his

1

religious faith of Asatru, an earth-based religion, while incarcerated at MSCP.  Plaintiff alleges that he is denied possession of religious artifacts, the ability to grow medicinal herbs, the use of a ceremonial wood-burning fire, and authorization to have flowers grow on the ceremonial spiritual grounds.  Plaintiff further alleges that Defendants temporally restrict his access to spiritual grounds in violation of his First Amendment right to freedom of religion.

Plaintiff now requests a document entitled "Religious Programs, Need to Establish Statewide Departmental Policy," a request opposed by Defendants on the basis that the document is irrelevant to the instant case and protected by the deliberative process, attorney-client, and work product privileges.  A privilege log was provided to Plaintiff listing the date and title of the document, the author, the recipients, the present location, the privileges asserted, and the content description.  The privilege log description of the document sought read:

> Proposal to develop a consistent and detailed approach to evaluating and responding to inmate request for religious items, for use by all CDCR institutions; intended to generate further discussion and deliberation of such an approach, and to develop a consistent policy for handling such inmate requests, to ensure fairness and adherence to legal requirements.

Defendants provided the Court with the document for *in camera* review, which the Court has completed.

**II.     LEGAL STANDARD**

A party may serve a request on another party to produce all relevant and non-privileged documents in the possession, custody or control of the party served.  FED. R. CIV. P. 34(A).  The party receiving the request shall serve a written response within 30 days, either stating that inspection will be permitted or objecting to the request and stating the reasons for the objection.  FED. R. CIV. P. 34(B).  The party making the request may seek a court order to compel disclosure when the responding party objects to the requests or otherwise fails to respond to the request or to produce the documents.  *Id.*

### III. DISCUSSION

Defendants argue that the document is irrelevant and protected by the deliberative process, attorney-client, and work product privileges. The deliberative process privilege allows a government agency to "withhold documents that reflect advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated." *FTC v. Warner Communications, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (citing *NLRB v. Sears Roebuck & Co.*, 421 U.S. 132, 150, 95 S. Ct. 1504, 1516, 44 L.ED.2d 29 (1975)); *see also Arizona Rehabilitation Hosp., Inc. v. Shalala*, 185 F.R.D. 263, 267 (D. Ariz. 1998). In order for a document to be protected by this privilege, it must be (1) "predecisional-it must have been generated before the adoption of an agency's policy or decision," and (2) "deliberative in nature, containing opinions, recommendations, or advice about agency policies." *Id.* (internal citations omitted).

After review of the document, the Court finds that the privilege log description is accurate. The document addresses the issue of developing a consistent and detailed approach to evaluating and responding to inmate requests for religious items statewide. It is a document of proposed recommendations intended to spark policy debate within the California Department of Corrections and Rehabilitation ("CDCR") as part of the process of deliberating whether to form a uniform policy on religious programs. Therefore, the document was predecisional and deliberative.

The deliberative process privilege is qualified, not absolute. Even once the Court has found that the privilege applies, the documents will still be disclosed if the requesting party's need for the documents outweighs the agency's interest in holding them. *Modesto Irrigation Dist. v. Gutierrez*, 2007 WL 763370, at *6 (E.D. Cal. Mar. 9, 2007); *Warner Communications*, 742 F.2d at 1161. In making this determination the Court shall consider the following factors: (1) relevance of the evidence; (2) the availability of other

evidence; (3) the government's role in the litigation; and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions. *Warner Communications*, 742 F.2d at 1161.

The CDCR currently has a disparate religious programs policy, with each CDCR institution implementing an independent policy. The CDCR has discussed whether developing a uniform policy may be in the State's interest, and the Court finds that free flow of frank discussion regarding the advantages and disadvantages of a uniform policy would be hindered if policy discussions were disclosed. Release of this document could prevent CDCR employees from expressing their candid opinions on policy for fear of litigation and chill the development of progressive theories and proposals designed to benefit the public and incarcerated individuals.

Further, Plaintiff has already received other evidence through discovery, *e.g.*, copies of the Federal Technical Reference and Mule Creek manuals that dictate what personal congregate religious items are required by each religion and allowed by the institution, which speak more directly to the information sought by Plaintiff – what religious property the CDCR allows; and what religious groups are permitted or not permitted to do.

Specific policies of the individual CDCR institutions, including MCSP, are not revealed in the requested document. As such, the Court is unable to draw any inferences from the document that would have any impact on the instant case. The document is therefore of little to no relevance. Given the availability of other evidence, the low relevance of the requested document, and that release of the document would hinder frank policy discussion, the Plaintiff's need for the document is not outweighed by the CDCR's interest in withholding the document. *Warner Communications*, 742 F.2d at 1161.

Consequently, Plaintiff's Motion to Compel Discovery is hereby DENIED on the basis of the deliberative process privilege.

**IV.   DISPOSITION**

In accordance with the above, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Discovery is DENIED.

The Clerk shall serve this minute order on all parties to the action.

DATED: March 23, 2010

Hon. DAVID O. CARTER
UNITED STATES DISTRICT COURT JUDGE
Sitting By Designation